# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Rae Couch,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc.,<br><br>　　　　　Defendant. | Court File No.: _____<br><br>**Complaint**<br><br>**Jury Trial Demanded** |

## PARTIES

1. Rae Couch is an individual who resides in Eagan, Minnesota and is a "person" as defined by 47 U.S.C. § 153(39).

2. NCO Financial Systems, Inc. is a debt collector with a registered office in Minnesota at 100 South Fifth Street, Suite 1075, Minneapolis, MN 55402.

3. NCO is a "person" as defined by 47 U.S.C. § 153(39).

## JURISDICTION

4. Jurisdiction arises under 28 U.S.C. § 1331 and under 47 U.S.C. § 227.

5. Venue is proper in this district because the events giving rise to Couch's claims occurred here and NCO and Couch reside here.

## FACTUAL ALLEGATIONS

6. Couch has a cellular telephone number of XXX-XXX-7379, which is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

7. Couch does not have an account with NCO and never provided NCO with express consent to use an automatic telephone dialing system to call her.

8. Despite this, NCO called Couch's cellular phone at least 100 times using an automated telephone dialing system as that term is defined by 47 U.S.C. § 227(a)(1).

9. When Couch answered NCO's calls, there was a pause or click before a live person came on the line, which is indicative of automatic telephone dialing systems.

10. NCO's calls were not for emergency purposes.

11. NCO had no basis to believe that it had Couch's prior express consent to use an automatic telephone dialing system to call her cellular phone.

## JURY TRIAL

12. Couch requests a jury trial. U.S. Const. amend. VII. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### Count I – Violations of the Telephone Consumer Protect Act

13. NCO placed non-emergency telephone calls to Couch's cellular phones using an automatic telephone dialing system or a device that has the capacity to

store or produce telephone numbers to be called using a random or sequential number generator.

14. The calls were made without Couch's prior express consent.

15. NCO's calls therefore violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii).

16. Each of NCO's calls were a willful violation of the TCPA because Couch never gave NCO her express consent to call her cellular phone and NCO had no basis to believe that it had Couch's consent.

## PRAYER FOR RELIEF

Couch requests that judgment be entered against NCO as follows:

1. For an injunction requiring NCO to cease all communications with Couch that violate the TCPA.

2. Statutory damages of $500 per call for NCO's negligent violations of the TCPA.

3. Statutory damages of up to $1,500 per call for NCO's willful violations of the TCPA.

4. For other relief that this Court deems appropriate.

(signature follows)

Date: June 3, 2015

**FRIEDMAN IVERSON, PLLC**

*s/ Todd Murray*
_____

Todd Murray (#347462)
Attorney for Couch
509 1st Ave NE, Suite 2
Minneapolis, MN 55413
todd@friedmaniverson.com
(612) 564-4025 (phone)
(612) 392-7979 (fax)

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF HENNEPIN        )

Rae Couch, being sworn, states that:

1. I'm the Plaintiff in this case.

2. I've read this complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge.

3. I believe that this complaint is well-grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this complaint is not being brought for any improper purpose, such as to harass the Defendant, cause unnecessary delay, or create a needless increase in the cost of litigation to the Defendant.

5. I've filed this complaint in good faith and solely for the purposes set forth in it.

Date:  June 3, 2015                 *s/ Rae Couch*
                                    Rae Couch

Subscribed and sworn to before me
this 3rd day of June, 2015

*s/ Abbie Gobeli*
Notary Public